PHILADELPHIA AND CAMDEN FERRY COMPANY, complainant,

*v.*

CHRISTIAN N. JOHNSON et al., defendants.

[Submitted February 5th, 1923. Determined March 2d, 1923.]

1. A ferry company must provide adequate facilities at its ferry to afford its patrons reasonable access to it in their chosen and appropriate means of conveyance. This is a public duty and cannot be overthrown under the guise of regulation, and a bill seeking an injunction excluding all public auto buses from the plaza tract, the only means of access to the ferry, will be dismissed.

2. *Public Service Railway Co.* v. *Weehawken, 94 N. J. Eq. 88,* approved and followed.

---

On final hearing on bill for injunction.

*Messrs. Bourgeois & Coulomb,* for the complainant.

*Mr. William B. Knight,* with whom appeared *Mr. S. Huntley Beckett,* for the defendants.

LEAMING, V. C.

This case does not fall within the principles defined in *Thompson's Express & Storage Co.* v. *Mount* (*New Jersey Court of Errors and Appeals*), *91 N. J. Eq. 497*. In that case the railroad company was under no legal duty to allow hackmen to operate on the railroad property there in question. It is there also suggested that had that duty existed the contract might have been sustained, as in the *Pullman Case,* by the railroad company assuming to render the service by employing an agent for that purpose. Neither of these two material circumstances exist in this case. In each of the cases cited in the opinion filed in the *Thompson Express & Storage Company Case* the carrier had assumed to render the service by establishing an agency for the delivery of passengers or baggage. The same is also true as to the numerous additional cases cited by complainant herein.

The present case falls within the rules stated in *Public Service Railway Co.* v. *Weehawken* (*New Jersey Court of Chancery*), *94 N. J. Eq. 88*. There it is specifically held that it is the duty for its patrons to approach the ferry in their chosen means of conveyance, and that in the absence of the company assuming to furnish adequate means of conveyance to and from the ferry it could not exclude local carriers from entering the plaza to discharge their passengers at the ferry. In the absence of any decision in this state to the contrary the *Weehawken Case* commits this court to that view.

That it is the duty of complainant ferry company to provide adequate facilities at its ferry to afford its patrons reasonable access to it in their chosen and appropriate means of conveyance does not seem to admit of serious doubt. Nor is the right of the ferry company to control its own property and to adopt and execute reasonable regulative measures questioned. But the public duty is first and paramount and at all times qualifies the exercise of proprietary acts; that duty cannot be overthrown under the guise of regulation. The only substantial justification suggested by the testimony for the measure which wholly excludes buses from the

plaza—others are suggested by the bill—is the fact that the public patronage of buses as a means of transportation has become so great that the large number of buses bringing passengers to the ferry causes over-congestion of the terminal grounds. The suggestion that the remedy consistent with the discharge of the public duty of complainant company would appear to be to use more of its ground for conveyances and less for stores, is not without force. Be that as it may, it seems obvious that it is not a remedy which is consistent with public duty to reduce the congestion occasioned by vehicles by excluding all jitney buses from reasonable access to the ferry and allowing the privilege to all other conveyances, both public and private. The measure is•in no sense analogous to that of assigning stands or parking places to vehicles to avoid confusion by the attainment of orderly arrangement. There is inherently no distinction between the vehicles excluded and those admitted, since those which are admitted are in no way protected by contractual rights with complainant.

It is urged that the injunction sought is not against the passengers who enjoy the buses as a means of conveyance to or from the ferry, but is against the buses only, and that no passenger is here complaining. The public duty of the ferry company is not to the buses or to their owners as such; it is to the buses as a modern and recognized means of conveyance of the patrons of the ferry when employed by such patrons for that purpose. The status of the bus is in no essential way distinguishable from that of the taxicab and the private car. Nor is this case a suit by the bus owners to establish their rights; on the contrary it is a suit by the ferry company to exclude the buses from the plaza. A court of equity when asked to award affirmative equitable relief of that nature to the ferry company cannot properly ignore the consequences of the decree sought and so far disregard its sense of justice and right as to ignore the patent fact that to exclude the buses excludes a large portion of the traveling public who are patrons of the ferry and who have contracted with the buses to

enable such patrons to reach the ferry with reasonable comfort and expedition, and that by a recognized means of transportation.

A different case might arise if the buses were parking at the terminal soliciting patronage and awaiting the arrival of passengers and by that means unreasonably appropriating space and unnecessarily interfering with the patrons of the ferry company. But the evidence discloses that these buses as a rule form a continuous line in approaching the ferry and only pause at the ferry long enough to discharge their passengers and take on such passengers as are waiting. There appears to have been individual cases in which inconsiderate bus drivers have more or less delayed moving on after discharging passengers in order to await the arrival of additional outgoing passengers, and thus unnecessarily delayed the buses behind them which were approaching the terminal with passengers. Instances of that nature may infringe both the rights of other buses and the traveling public in general; but the bill seeks to wholly exclude all buses from the plaza tract. There appears to be no justification for relief of that nature.

This view renders it unnecessary and inappropriate to here determine, whether defendants have disclosed by the evidence such substantial doubts touching the title of complainants to the terminal grounds as to deny a court of equity jurisdiction to grant relief based upon complainant's title without that title being first established at law, under the principles defined in *Hart* v. *Leonard, 42 N. J. Eq. 416.* Nor is it here necessary or appropriate to consider the force of defendants' contention that the driveways within the plaza have been dedicated to public use as public highways. It is sufficient here to say that these driveways and the space adjacent to the ferry afford the only means by which the ferry can be reached by vehicles. No testimony has been introduced to show whether another place outside the plaza, which was at one time suggested for the use of the buses, affords adequate space or a practicable plan of operation.

I will advise a decree dismissing the bill.