The Philadelphia and Camden Ferry Company, one of the complainants herein, operates a ferry between Camden and Philadelphia. At the Camden terminal of the ferry, the ferry company owns a tract of land known as the "Plaza." This plaza is adjacent to the ferry house and extends therefrom easterly to Delaware avenue, and affords the only means of ingress and egress to and from the ferry. Foot passengers use sidewalks on the extreme northerly and southerly side of the plaza, one leading to Market street, Camden, the other to Federal street, and a sidewalk extends across the westerly end of the plaza adjacent to the ferry house. Under a lease from the ferry company, trolley cars operate on the plaza adjacent to each of these two sidewalks, the northerly car line leading to Market street, the southerly line to Federal street; these trolley lines each extend westerly only to a point approximately two hundred feet from the ferry house, thus leaving an unoccupied space adjacent to each sidewalk extending from the *Page 452 
trolley tracks to the ferry house. Vehicles to and from the ferry pass over two driveways, one adjacent to the northerly trolley line and leading to Market street, the other adjacent to the southerly trolley line and leading to Federal street, each driveway also connecting with Delaware avenue.
The ferry company by contract with its co-complainant, Yellow Cab Company, conferred upon the latter company the exclusive right to maintain a taxicab service at its terminal "for the purpose of soliciting patronage." By its terms the contract is not to interfere with the use of the plaza by other taxicabs or vehicles of any nature. Commercial vehicles may deliver passengers and baggage and meet passengers by engagement, and private vehicles may do the same. The exclusive right conferred upon the Yellow Cab Company is limited to occupying the terminal to solicit patronage. The contract does not specifically define the space the taxicabs of the Yellow Cab Company shall occupy; but the testimony discloses that in operating under the contract the space occupied by the Yellow Cab Company has been the two vacant spaces already referred to, one adjacent to the sidewalk on the southerly side of the plaza and the other adjacent to the sidewalk on the northerly side of the plaza, each space extending from the end of the trolley right of way toward the ferry house approximately one hundred feet, or slightly more than one-half the distance to the ferry house. These spaces have been marked on the pavement and the exclusive use of these spaces has been maintained by the Yellow Cab Company except as interfered with by taxicabs of defendants who claim the right to occupy those spaces and there solicit patronage. The contract contains numerous provisions designed to secure adequate service by the contracting taxicab company. It provides for continuous service adequate to take care of all patrons requiring service; the minimum number of cars to be determined by the ferry company; the reasonableness of the rates to be charged to be passed upon by the ferry company; rates to be posted; the character of the equipment is stipulated and employes objectionable to the ferry company are to be withdrawn. All these and other similar stipulations designed *Page 453 
to secure a high class of service and to confer upon the ferry company a supervisory power, are also secured by a bond of the taxicab company.
The evidence further discloses that the space in front of the sidewalk adjacent to the ferry house is open for use by private cars or any taxicabs or commercial cars to discharge passengers and baggage and to take on and transfer any passengers ready for transportation; but no cars of any kind are allowed to remain there to solicit patronage. The evidence also discloses that another space is provided where cars of any kind may be parked for a limited period, but not for soliciting commercial patronage, and another space is assigned to and used by buses in discharging passengers and receiving such passengers as are ready for transportation. In this manner adequate facilities appear to be provided for all classes of vehicles and for the traveling public. The only use of the plaza which the restraint now sought will deny is the privilege claimed by defendant taxicab owners to occupy the plaza to solicit patronage.
The contract between the ferry company and taxicab company requires the latter company to pay to the former a percentage of its gross receipts, but specifically provides that the taxicab company shall not be deemed the agent of the ferry company and that the latter company shall not be liable for any damages arising through negligence of the taxicab company.
Complainant ferry company owes to its patrons the duty to provide means of ingress and egress to and from its ferry. Pursuant to that duty, the territory known as the "Plaza" has been devoted by the ferry company to that specific use. The plaza has thus become a part of the terminal grounds of the ferry company. From that duty of the ferry company springs the right of patrons of the ferry to travel safely over that terminal tract to and from the ferry by appropriate means of travel. That view was made the basis of the decisions in Public Service Railway Co.
v. Township of Weehawken, 94 N.J. Eq. 88, and Philadelphia andCamden Ferry Co. v. Johnson, 94 N.J. Eq. 296. But the duty referred to *Page 454 
does not embrace a requirement for the ferry company to afford to taxicab owners a place on the plaza to occupy in solicting business; as against those not using the plaza to reach and leave the ferry, the plaza tract is the private property of the ferry company and subject to its control so long as adequate facilities are afforded the ferry patrons. If any part of the tract is capable of use by the ferry company that does not interfere with the discharge of its obligations as a ferry company, that company, as an incident of its ownership, has a right to use or permit others to use the land for any lawful purpose. The views here expressed are little more than a brief summary of the principles defined in Delaware, Lackawanna and Western RailroadCo. v. Town of Morristown, 276 U.S. 182; Donovan v.Pennsylvania Co., 199 U.S. 279; Thompson's Express and StorageCo. v. Mount, 91 N.J. Eq. 497.
An injunction will issue pursuant to the prayer of the bill.